**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10621 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00493-RLH-RJJ-1 |
| v. | |
| ERIC GRIFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted June 11, 2012[**]
San Francisco, California

Before: FERNANDEZ, CALLAHAN, and BEA, Circuit Judges.

Defendant-Appellant Eric Griffin appeals the district court's order of

involuntary medication to restore Griffin to competency to stand trial. We have

jurisdiction under the collateral-order exception. *Sell v. United States*, 539 U.S.

___

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

166, 176–77 (2003). The parties are familiar with the facts underlying the appeal and thus we do not include them here.

The government must prove the four *Sell* factors by clear and convincing evidence. *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 692 (9th Cir. 2010). The district court did not err in finding that the government met its burden. First, the district court did not clearly err in finding the government has an important interest at stake in prosecuting Griffin for an admittedly serious crime with the possibility of a substantial prison sentence. Second and third, the district court did not clearly err in finding involuntary medication is necessary to and will substantially advance that government interest; Griffin has refused medication, other treatments have either been refused or failed, and two doctors testified that medication is likely to return Griffin to competency and that he is very unlikely to return to competency absent medication. Fourth and finally, the district court did not clearly err in finding involuntary medication is medically appropriate where two doctors testified that medication has minimal side effects and will likely provide significant medical benefits to Griffin.

In addition, the district court's order must specify:

(1) the specific medication or range of medications that the treating physicians are permitted to use in their treatment of the defendant, (2) the maximum dosages that may be administered, and (3) the duration of time

2

that involuntary treatment of the defendant may continue before the treating physicians are required to report back to the court on the defendant's mental condition and progress.

*United States v. Hernandez-Vasquez*, 513 F.3d 908, 911 (2008). Here, although the district court did not lay out the *Hernandez-Vasquez* factors in detail in the order authorizing involuntary medication, the court ordered administration of "the recommended medicine according to the procedures recommended." We read this to incorporate the recommendations in Dr. Wolfson's Proposed Treatment Plan. We read that Plan to recommend (1) administration of risperidone or ziprasidone, unless Griffin requests a different second generation anti-psychotic drug that is substantially likely to render Griffin competent to stand trial, as recognized by the district court; (2) administration of the drugs at no higher a dosage than the high end of the listed typical dosage range (*i.e.*, 8 mg/day for risperidone or 180 mg/day for ziprasidone, if administered orally, or the efficaciously comparable amounts if administered by injection); and (3) treatment for no longer than four months without additional court authorization. The district court's order incorporating these recommendations sufficiently specified Griffin's treatment for the purposes of *Hernandez-Vasquez.*

**AFFIRMED.**